## National Banks as Executors.

*Banks and banking—Executors and administrators—Act of May 20, 1921.*

A national bank cannot act as executor, administrator or testamentary trustee if its appointment was made on or after the date of the Act of May 20, 1921, P. L. 991, unless, prior to such appointment, it had qualified itself to act in accordance with the requirements of the statute.

Attorney-General's Department. Opinion to Hon. John R. Morrison, First Deputy Banking Commissioner.

GAWTHROP, Dep. Att'y-Gen., March 6, 1922.—The Attorney-General is in receipt of your communication of the 27th ultimo, asking to be advised whether a national bank which was appointed administrator or executor on May 21, 1921, can legally act as such administrator or executor.

I understand that the purport of your inquiry is the effect of the Act approved May 20, 1921, P. L. 991, entitled "An act restricting the appointment of corporate fiduciaries by testators or by any court or register of wills to corporations fully subject to supervision and examination by the Banking Department," upon the right of national banks to act as executors or administrators.

The act provides in section 1 as follows: "That hereafter no person shall have power by any last will and testament or codicil or other testamentary writing to appoint as executor, guardian, trustee or other fiduciary any corporation other than a corporation organized and doing business under the laws of the Commonwealth of Pennsylvania and subject to supervision and examination by the Banking Department of this State, or a corporation organized and existing under the laws of the United States doing business in this State, and by resolution of its board of directors duly adopted, a certified copy whereof shall have been placed on file with the Commissioner of Banking of this State, agreeing to place itself under and continue to be subject to supervision and examination by the State Banking Department in the same manner and to the same extent as corporations organized and existing under the laws of this State are or shall be subject; and any such appointment in violation of the provisions of this section contained in any last will and testament, codicil or other testamentary writing, made after the date of the approval of this act, shall be null and void."

Section 2 of the act places similar restriction upon the power of any court or register of wills in this Commonwealth to appoint an executor, trustee, guardian, receiver, committee or other fiduciary.

Under this act, no national bank can lawfully act as executor, administrator, guardian, trustee, committee, receiver or other fiduciary by an appointment by last will and testament or other testamentary writing, or by a court or register of wills, if such appointment was made on or after May 20, 1921, the date upon which the act went into effect, unless the bank, prior to such appointment, had qualified itself to so act in accordance with the requirements of the act.

From Guy H. Davies, Harrisburg, Pa.